## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **MELISSA PEAK** | : | |
| **1011 Mavor Street** | | |
| **Springfield, Ohio 45505,** | : | |
| | | |
| **Plaintiff,** | : | **Case No.** 3:17-cv-404 |
| | | |
| **v.** | : | |
| | | **Judge** _____ |
| **APEX TOOL GROUP, LLC** | : | |
| **14600 York Road, Suite A** | | |
| **Sparks, Maryland 21152** | : | **COMPLAINT** |
| | | |
| **and** | : | |
| | | |
| **AETNA LIFE INSURANCE COMPANY** | : | |
| **c/o CT Corporation System** | | |
| **1300 East 9th Street, Suite 1010** | : | |
| **Cleveland, Ohio 44114,** | | |
| | : | |
| **Defendants.** | : | |

## NATURE OF THE ACTION

1.      This is an action by a surviving spouse and Beneficiary against her husband's former employer (the Plan Sponsor and Plan Administrator) and the claims administrator of an Employee Welfare Benefit Plan providing a basic life insurance benefit. The Plaintiff is the Beneficiary of an Employee Welfare Benefit Plan maintained by the Defendants, in which her husband was a Participant. The Plan is covered by the Employee Retirement Income Security Act of 1974  ("ERISA"). This action is brought specifically under 29 U.S.C. § 1132, to recover benefits due to Plaintiff under the terms of the Plan, to enforce her rights under the terms of the Plan, and for an order compelling the Plan Administrator to provide the requested information and daily statutory penalties, and for attorney fees and costs.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to ERISA, 29 U.S.C. § 1132.

3.      Venue is proper in this District pursuant to the provisions of ERISA, 29 U.S.C. § 1132(e), because the breaches took place in the Southern District of Ohio.

## PARTIES

4.      Plaintiff is the surviving spouse and designated Beneficiary of Randy Peak, who at the time of his death on November 1, 2016, was an employee of Defendant Apex Tool Group, LLC ("Apex") and a member of Local 1040 of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") ("UAW Local 1040").

5.      Defendant Apex is a Delaware limited liability company with a facility located at 762 West Stewart Street in Dayton, Ohio, where Randy Peak was employed. Apex is the Plan Sponsor and Plan Administrator of the Employee Welfare Benefit Plan which provides a basic life insurance benefit to employees and members of UAW Local 1040 pursuant to the terms of the collective bargaining agreement between the parties and the Plan Document.

6.      Defendant Aetna Life Insurance Company ("Aetna"), is a foreign life insurance company and, upon information and belief, is the claims administrator for the Plan at issue.

## FACTUAL ALLEGATIONS

7.      Randy Peak's employment was governed by a collective bargaining agreement between UAW Local 1040 and Apex. A true and accurate copy of the applicable collective bargaining agreement is attached hereto and labeled "Exhibit 1." Pursuant to the terms of the collective bargaining agreement, Apex agreed to provide employees who were members of

2

UAW Local 1040 a basic life insurance benefit in the amount of one times their base salary. (Exhibit 1, Article 25, Section 2).

8.      To provide the benefit promised in the collective bargaining agreement, Defendant Apex contracted with Defendant Aetna and prepared the "Benefit Plan Prepared Exclusively for Apex Tool Group, LLC Life Insurance and Accidental Death and Personal Loss Coverage – Dayton, OH Union Employees" ("Plan Document" or "Plan"). A true and accurate copy of the Plan Document is attached hereto and labeled "Exhibit 2." The terms of the Plan not set forth in the collective bargaining agreement were set forth in the Plan Document.

9.      The Plan Document specifically entitles Participants eligibility for the basic life insurance benefit as of the date of hire. (Ex. 2, p. 4).

10.      The Plan Document specifically provides coverage for the life insurance benefit for Participants on medical leaves of absences of at least twelve months. (Ex. 2, p. 24).

11.      The Plan document specifically entitles Participants and Beneficiaries to file claims for benefits. (Ex. 2, p. 28).

12.      The Plan Document provides: "If your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain documents relating to the decision without charge, and to appeal any denial, all within certain time schedules." (Ex. 2, "Enforce your Rights," p. 40 of 44).

13.      Randy Peak was employed by Defendant Apex within the UAW Local 1040 bargaining unit and was a UAW Local 1040 member from on or about September 28, 2015, until his death on or about November 1, 2016.

14.      Pursuant to the terms of the Plan Document, Randy Peak was eligible for the life insurance benefit as of his date of hire. (Ex. 2, p. 4).

3

15. In January 2016, Randy Peak began a medical leave of absence. He remained on the medical leave of absence until his death on or about November 1, 2016.

16. On or about April 6, 2016, Defendant Apex sent a letter to Randy Peak stating that, unless he paid his full arrearage for premium contributions for health insurance and supplemental life and spousal life insurance, those benefits would cease effective April 30, 2016.

17. Randy Peak's health insurance did terminate effective April 30, 2016.

18. There is no employee premium contribution for the basic life insurance set forth in Article 25, Section 2 of the collective bargaining agreement.

19. Basic life insurance was not referenced in the April 6, 2016, letter, and it was not terminated effective April 30, 2016.

20. Randy Peak was not released to work by his physician prior to his unexpected death on November 1, 2016, at 40 years old.

21. Subsequent to her husband's death, Plaintiff attempted to contact Apex numerous times about the basic life insurance benefit.

22. Plaintiff was never provided documentation regarding the basic life insurance benefit, but was verbally told by Apex representative Kelly Mentzel, that Defendant Apex took the position that Randy Peak had resigned his employment in April 2016.

23. Randy Peak never resigned from his employment at Apex at any time.

24. On or about April 25, 2017, Plaintiff, by and through counsel, requested from Defendant Apex information relating to Randy Peak's basic life insurance and the Plan. A true and accurate copy of the information request is attached hereto as "Exhibit 3."

25.     By letter dated June 13, 2017, counsel for Defendant Apex provided the Plan Document, but refused to provide the remaining information. A true and accurate copy of the June 13, 2017, response is attached hereto as "Exhibit 4."

26.     After receiving the Plan Document, Plaintiff, by and through counsel, filed a claim for benefits with Defendant Aetna dated June 16, 2017. A true and accurate copy of the claim and of the certified mail return receipt are attached hereto as "Exhibit 5."

27.     To date, Aetna has failed and refused to respond to the claim attached as Exhibit 5.

28.     Upon verbal instruction from Defendant Aetna, Plaintiff, by and through counsel, requested Randy Peak's Union, the UAW and UAW Local 1040, to file a claim on her behalf for the basic life insurance benefit, which it did via letter dated June 27, 2017. A true and accurate copy of the Union's claim and of the certified mail return receipt are attached hereto and labeled "Exhibit 6."

29.     To date, Aetna has failed and refused to respond to the claim attached as Exhibit 6.

30.     Plaintiff, through counsel, has made numerous inquiries to Aetna about the status of the claims attached as Exhibits 5 and 6.

31.     While no response or documentation has been provided, Aetna representatives have verbally indicated that, despite the language of the Plan Document stating otherwise, only Defendant Apex can file a claim for the benefit in question.

32.     Defendant Apex refuses to file a claim with Aetna for the basic life insurance benefit.

## FIRST CLAIM FOR RELIEF
### (Under 29 U.S.C. § 1132(a)(1)(A))

33.    Plaintiff incorporates paragraphs 1 through 32 stated above as if fully restated herein.

34.    The Plan is an "Employee Benefit Plan," an "Employee Welfare Plan" and an "Employee Welfare Benefit Plan" as defined in 29 U.S.C. § 1002, used in 29 U.S.C. § 1132.

35.    Defendant Apex is an "Employer," the "Plan Sponsor," and the "Plan Administrator" as these terms are defined in 29 U.S.C. § 1002, and used in 29 U.S.C. § 1132.

36.    Upon information and belief, Aetna is the claims administrator for the Plan and is the party responsible for adjudicating the claims for benefits.

37.    Randy Peak was a "Participant" in the Plan as defined in ERISA, 29 U.S.C. § 1002, and used in 29 U.S.C. § 1132, from his date of hire until his death.

38.    Plaintiff is a "Beneficiary" as defined in ERISA, 29 U.S.C. § 1002, and used in 29 U.S.C. § 1132. Plaintiff is Randy Peak's designated Beneficiary pursuant to the terms of the Plan.

39.    ERISA requires a Plan Administrator to supply requested information that would enable a Beneficiary to know exactly where he or she stands with regard to the plan.

40.    Defendant Apex's refusal to supply the requested information to Plaintiff constitutes a violation of ERISA enforceable under 29 U.S.C. § 1132(A)(1)(a). (Exs. 3 and 4).

41.    Plaintiff is entitled to the requested information, the maximum daily penalty of $110.00 per day, and attorney fees and costs for Defendant Apex's failure to comply with Plaintiff's information request under 29 U.S.C. § 1132(a)(1)(A) and (c)(1).

**SECOND CLAIM FOR RELIEF**
**(Under 29 U.S.C. § 1132(a)(1)(B))**

42.     Plaintiff incorporates paragraphs 1 through 41 stated above as if fully restated herein.

43.     By failing and refusing to respond to Plaintiff's claim and information request, or make a decision or explain their decisions, the Defendants have violated the terms of the Plan set forth in the "Enforce Your Rights" section.

44.     Plaintiff is empowered by 29 U.S.C. § 1132(a)(1)(B) to enforce her rights under the Plan to be provided a decision and the requested information.

**THIRD CLAIM FOR RELIEF**
**(Under 29 U.S.C. § 1132(a)(1)(B))**

45.     Plaintiff incorporates paragraphs 1 through 44 stated above as if fully restated herein.

46.     Pursuant to the terms of the Plan, the life insurance benefit is payable if a Participant loses his life while coverage is in effect. (Ex. 2, p. 2).

47.     Pursuant to the terms of the Plan, coverage remains in effect for at least twelve months while a Participant is on a medical leave of absence. (Ex. 2, p. 24).

48.     Nothing in the collective bargaining agreement or Plan Document would permit Defendant Apex to cease the benefit even at the twelve month mark for a leave of absence.

49.     Randy Peak's medical leave of absence was less than twelve months.

50.     By failing to provide the life insurance proceeds to Plaintiff, as Randy Peak's designated Beneficiary, the Defendants have violated the terms of the Plan.

51.     Plaintiff is empowered by 29 U.S.C. § 1132(a)(1)(B), to enforce her rights under the Plan to the life insurance proceeds.

7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief to be awarded by the Court:

1.      A declaratory judgment pursuant to Section 502(a)(1)(A) of ERISA, 29 U.S.C. § 1132(a)(1)(A), and 28 U.S.C. § 2201, declaring that Defendant Apex is obligated under ERISA to provide or otherwise make available the information requested;

2.      A declaratory judgment pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) and 28 U.S.C. § 2201, declaring that Defendants are obligated to respond to Plaintiff's claim for benefits and provide an explanation and documentation for their actions pursuant to the terms of the Plan Document;

3.      A declaratory judgment pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) and 28 U.S.C. § 2201, declaring that Defendants are obligated under the terms of the Plan to provide the life insurance proceeds to Plaintiff;

4.      An Order compelling Defendant Apex to provide Plaintiff the requested information;

5.      An Order requiring Defendant Apex to pay Plaintiff $110.00 per day for each day from the period commencing on June 13, 2017, the date Defendant Apex refused to provide the requested information, until the date the information is provided;

6.      An Order requiring Defendant Aetna to process Plaintiff's claim and to pay the life insurance proceeds under the Plan pursuant to its terms;

7.      An Order requiring Defendants to pay Plaintiff all attorney fees and costs incurred in the investigation, initiation, and prosecution of the claims of this action;

8.      Pre-judgment and post-judgment interest; and;

9.      All other relief this Court deems appropriate.

Respectfully submitted,


/s/ Kristin Seifert Watson
Kristin Seifert Watson (0078032)
Cloppert, Latanick, Sauter & Washburn
225 East Broad Street, 4th Floor
Columbus, Ohio 43215-3709
Telephone:      (614) 461-4455
Facsimile:       (614) 621-6293
E-mail:           kwatson@cloppertlaw.com
*Trial Attorney for Plaintiff*

S:\Clients\p\Peak, Missy\Complaint\Complaint.docx